Grant M. WALKER, Edward Zeringue, and Richard W. Drake, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

MONSANTO COMPANY PENSION PLAN and Monsanto Company, Defendants.

Glynn Davis, Eugene Forneris, and Juanita Hammond, individually and on behalf of all those similarly situated, Plaintiffs,

v.

Solutia Inc. Employees' Pension Plan, Defendant.

Fred Donaldson, Albert Walter III, Mary Clawson, Sandra Bellon, Audrey Sokoloski, and Carol Thomas, individually and on behalf of all those similarly situated, Plaintiffs,

v.

Pharmacia Cash Balance Pension Plan, Pharmacia Corporation, Pharmacia & Upjohn Company, and Pfizer, Inc., Defendants.

No. 3:04–cv–436–JPG–PMF.

United States District Court, S.D. Illinois.

May 22, 2008.

Eric L. Dirks, Norman E. Siegel, Patrick J. Stueve, Todd M. McGuire, Stueve, Siegel, Kansas City, MO, Jerome J. Schlichter, Schlichter, Bogard, St. Louis, MO, Michael B. Marker, Rex Carr Law Firm, East St. Louis, IL, for Plaintiffs.

Carol Connor Cohen, Caroline T. English, Gretchen Dixon, Arent Fox PLLC, Washington, DC, Dawn A. Sallerson, Hinshaw & Cul-

bertson, Michael J. Nester, Donovan, Rose, Belleville, IL, Anne E. Rea, Chris K. Meyer, Erin E. Kelly, Mark B. Blocker, Neil H. Wyland, Priscilla E. Ryan, Ryan M. Sandrock, William F. Conlon, Sidley Austin, LLP, Chicago, IL, Neal F. Perryman, Robert J. Golterman, Thomas P. Berra, Jr., Lewis, Rice, St. Louis, MO, for Defendants.

## *ORDER*

GILBERT, District Judge:

### *INTRODUCTION*

Now before the Court is Plaintiffs' Motion for Class Certification on Counts I–III and X of the Consolidated Complaint (Doc. 166). Although all Defendants initially opposed class certification, an agreement was subsequently reached whereby the Defendants agreed not to object to certification in exchange for Plaintiffs' agreement not to object to the class definitions proposed by Defendants in the Stipulation they filed with the Court on June 11, 2007 (Docket No. 211). Accordingly, the Court hereby certifies the classes set forth in the Stipulation.

Prior to 1997, a company then known as Monsanto Company ("Old Monsanto") sponsored a traditional defined benefit plan known as the Monsanto Company Pension Plan. Effective January 1, 1997, Old Monsanto converted this plan to another form of defined benefit pension plan known as a "cash balance plan." Subsequent to the conversion, there were a number of corporate spin-offs and restructurings that resulted in Old Monsanto becoming three separate corporations; namely, Pharmacia Corporation ("Old Monsanto" or "Pharmacia"), Solutia Inc. ("Solutia"), and a newly-created Monsanto Company ("New Monsanto"). The pension liabilities of the original cash balance plan were divided among these entities and their respective plans. As a result, there are now three substantially identical cash balance pension plans: (1) the Pharmacia Plan, sponsored by Pharmacia, (2) the Solutia Plan, sponsored by Solutia, and (3) the Monsanto Plan, sponsored by New Monsanto (collectively, the "Plan" or "Plans"). Plaintiffs are current and former employees of Old Mon-

santo, New Monsanto, Pharmacia, or Solutia who are or were participants in one of the three substantially identical plans.

The facts recited here are based on the allegations of the Consolidated Class Action Complaint. As cash balance plans, the Plans pay pension benefits based upon one or both of two hypothetical accounts maintained for each participant: the Prior Plan Account ("PPA") and the Cash Balance Account ("CBA"). (Consolidated Complaint, ¶¶ 42–43) PPAs were established on January 1, 1997, for participants who had been employed by Old Monsanto immediately prior to that date, when Old Monsanto converted from a traditional defined benefit plan to a cash balance defined benefit plan. (*Id.* at ¶¶ 26, 40, 50–51) CBAs were established for those individuals as well as for individuals who became Plan participants on or after January 1, 1997. (*Id.* at ¶ 45).

Plaintiffs request certification of three identical "Age 55 Cut–Off claims" against the Monsanto, Solutia, and Pharmacia Defendants (Counts I–III of the Consolidated Complaint), as well as certification of a "Late Lump Sum claim" against the Monsanto Defendants (Count X).[1] In the Age 55 Cut–Off claims, Plaintiffs allege that the Plans violate ERISA's prohibition against reducing the rate of pension benefit accrual by virtue of the discontinuation of PPA interest credits at age 55. (*Id.* at ¶¶ 71–72, 77–78) In Count X, Plaintiff Zeringue, on behalf of the Monsanto Late Lump Sum Subclass, alleges that the Monsanto Plan violated its own provision concerning the payment of PPA interest credits when participants receive lump sum payments at least a complete calendar month after their annuity starting date. (*Id.* at ¶¶ 145–146, 149). Plaintiffs seek relief consisting of an order declaring the challenged Plan provisions and practices illegal; requiring reformation of the allegedly illegal Plan provisions and practices; and requiring recalculation of pension benefits in accordance with ERISA.

## LEGAL STANDARDS FOR CLASS CERTIFICATION

When evaluating a motion for class certification, the court accepts as true the allegations made in support of certification, and does not examine the merits of the case. *Mirfasihi v. Fleet Mortgage Corp.*, 2005 WL 1950386 at *11 (N.D.Ill.2005). In order to maintain a class action, a plaintiff must satisfy all of the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). Federal Rule of Civil Procedure 23(a) provides that one or more persons may sue as representatives of a class if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

These four elements of the Rule 23(a) test often are referred to as the requirements of (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.

### Plaintiffs have satisfied the requirements of Rule 23(a).

Plaintiffs have satisfied the numerosity requirement. Plaintiffs allege that the Monsanto Defendants' Age 55 Cut–Off Class includes more than 2,700 participants; the Solutia Plan's Age 55 Cut–Off Class includes more than 5,400 participants; the Pharmacia Defendants' Age 55 Cut–Off Class includes more than 2,500 participants; and the Monsanto Defendants' Late Lump Sum Class includes more than 500 participants. Defendants have not disputed that there are sufficient class members to satisfy the requirement of numerosity.

■ Plaintiffs have also satisfied the commonality requirement. Plaintiffs have alleged claims that turn upon uniform Plan provisions that the Plans have uniformly ap-

---

1. Plaintiffs have not moved to certify a class on Counts IV–VI, wherein they allege violations of ERISA's antibackloading provisions, or Counts VII–IX, wherein they allege violations of ERISA's age discrimination provision. The age discrimination claims were dismissed with prejudice on September 13, 2007 (Docket No. 242).

plied to the participants who comprise the proposed classes.

■ The typicality requirement is also met. Plaintiffs have alleged claims that arise from the Plans' uniform enforcement of the Plan provisions at issue and each class member's claims are based upon the same legal theories.

■ Finally, Plaintiffs have satisfied the adequacy of representation requirement. The Court finds that Plaintiffs' attorneys are well-qualified to conduct this sort of complex class litigation and that there is no evidence of any antagonism between the interests of the named Plaintiffs and the interests of the classes they seek to represent.

### *Plaintiffs have satisfied the requirements of Rule 23(b).*

In addition to the requirements of Rule 23(a), plaintiffs seeking class certification must satisfy one of the requirements of Rule 23(b) of the Federal Rules of Civil Procedure. *Williams v. Chartwell Financial Services, Ltd.,* 204 F.3d 748, 760 (7th Cir.2000). Plaintiffs in the present case seek certification under subsections (b)(1) and (b)(2) of Rule 23.[2] Rule 23(b)(1) covers cases in which separate actions by or against individual class members would risk establishing incompatible standards of conduct for the party opposing the class or would as a practical matter be dispositive of the interests of nonparty class members or substantially impair or impede their ability to protect their interests. *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Rule 23(b)(2) permits class actions for declaratory or injunctive relief where the party opposing the class has acted or refused to act on grounds generally applicable to the class.

■ The Court concludes that certification under Rule 23(b)(1) is appropriate in this case because Plaintiffs challenge the legality of Plan provisions that govern the calculation of all class members benefits, and thus a resolution in this case will be dispositive of the claims of nonparty class members.

■ This case also meets the requirements of Rule 23(b)(2). Enforcement of the Plan provisions at issue as against all class members constitutes action on grounds generally applicable to members of the proposed classes.

### *CLASS DEFINITIONS*

On June 11, 2007, Defendants filed a stipulation—to which the Plaintiffs do not object—with the Court agreeing to the following class definitions if the Court should certify classes in this matter:

#### *The Monsanto Defendants' Age 55 Cut-Off Class* (Count I)

All current vested Monsanto Plan participants (and their beneficiaries) with Prior Plan Accounts, all former vested Monsanto Plan participants (and their beneficiaries) with Prior Plan Accounts who terminated employment with New Monsanto on or after September 1, 2000, and all former employees of DEKALB Genetic Corporation who participated at any time in the Monsanto Plan. *Excluded* from the Monsanto Defendants' class are participants who terminated employment with New Monsanto prior to age 55 and who took their pension benefits in some form of annuity. Also *excluded* from the Monsanto Defendants' class are the Defendants, members and staff of the Employee Benefits Plans Committee, any entity in which Defendants have a controlling interest or which has a controlling interest of Defendants; Defendants' legal representatives (including employees of New Monsanto's Law Department), assigns, and successors, and any judges assigned to this case and any member of such judge's immediate family.

#### *The Pharmacia Defendants' Age 55 Cut-Off Class* (Count III)

All current and former vested Pharmacia Plan participants (and their beneficiaries) with Prior Plan Accounts; and all former vested Monsanto Plan participants (and

---

**2.** Although Plaintiffs alternatively sought certification under Rule 23(b)(3), per their agreement with Defendants, they now seek certification only under (b)(1) or (b)(2).

their beneficiaries) with Prior Plan Accounts who terminated employment with old Monsanto Company or Pharmacia Corporation on or after January 1, 1997 and on or before December 31, 2001, other than former employees of DEKALB Genetic Corporation and other than persons who are members of the Solutia Plan's Age 55 Cut–Off Class (as defined in paragraph 3 below). *Excluded* from the Pharmacia Defendants' class are participants who terminated employment with Pharmacia Corporation prior to age 55 and who took their pension benefits in some form of annuity. Also *excluded* from the Pharmacia Defendants' class are the Defendants, members and staff of the Employee Benefits Plans Committee, any entity in which Defendants have a controlling interest or which has a controlling interest of Defendants; Defendants' legal representatives (including employees of the Law Departments of Pharmacia Corporation, Pharmacia & Upjohn Company, and Pfizer, Inc.), assigns, and successors, and any judges assigned to this case and any member of such judge's immediate family.

### The Solutia Plan's Age 55 Cut–Off Class (Count II)

All current and former vested Solutia Plan participants (and their beneficiaries) with Prior Plan Accounts on or after January 1, 1997. *Excluded* from the Solutia Plan's class are participants who terminated employment with Solutia Inc. prior to age 55 and who took their pension benefits in some form of annuity. Also *excluded* from the Solutia Plan's class are the Defendants, members and staff of the Employee Benefits Plans Committee, any entity in which Defendants have a controlling interest or which has a controlling interest of Defendants; Defendants' legal representatives (including employees of Solutia Inc.'s Law Department), assigns, and successors, and any judges assigned to this case and any member of such judge's immediate family.

### The Monsanto Defendants' Late Lump Sum Class (Count X)

All former Monsanto Plan participants (and their beneficiaries) with Prior Plan Accounts who terminated employment with New Monsanto on or after September 1, 2000 and who took a lump sum distribution at least one complete calendar month after their Benefit Commencement Date; all current Monsanto Plan participants (and their beneficiaries) with Prior Plan Accounts who have not yet taken a distribution of their pension benefits. *Excluded* from the Monsanto Defendants' class are the Defendants, members and staff of the Employee Benefits Plans Committee, any entity in which Defendants have a controlling interest or which has a controlling interest of Defendants; Defendants' legal representatives (including employees of Monsanto's Law Department), assigns, and successors, and any judges assigned to this case and any member of such judge's immediate family.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Certify the following Classes under Rule 23(b)(1) and (b)(2) (Doc. 166).

The Court **CERTIFIES** the Monsanto Defendants' Age 55 Cut–Off Class, defined as follows:

All current vested Monsanto Plan participants (and their beneficiaries) with Prior Plan Accounts, all former vested Monsanto Plan participants (and their beneficiaries) with Prior Plan Accounts who terminated employment with New Monsanto on or after September 1, 2000, and all former employees of DEKALB Genetic Corporation who participated at any time in the Monsanto Plan.

*Excluded* from the Monsanto Defendants' class are participants who terminated employment with New Monsanto prior to age 55 and who took their pension benefits in some form of annuity. Also *excluded* from the Monsanto Defendants' class are the Defendants, members and staff of the Employee Benefits Plans Committee, any entity in which Defendants have a controlling interest or which has a controlling interest of Defendants; Defendants' legal representatives (including employees of New Monsanto's Law Department), assigns,

and successors, and any judges assigned to this case and any member of such judge's immediate family.

The Court **CERTIFIES** the Pharmacia Defendants' Age 55 Cut–Off Class, defined as follows:

All current and former vested Pharmacia Plan participants (and their beneficiaries) with Prior Plan Accounts, and all former vested Monsanto Plan participants (and their beneficiaries) with Prior Plan Accounts who terminated employment with old Monsanto Company or Pharmacia Corporation on or after January 1, 1997 and on or before December 31, 2001, other than former employees of DEKALB Genetic Corporation and other than persons who are members of the Solutia Plan's Age 55 Cut–Off Class.

*Excluded* from the Pharmacia Defendants' class are participants who terminated employment with Pharmacia Corporation prior to age 55 and who took their pension benefits in some form of annuity. Also *excluded* from the Pharmacia Defendants' class are the Defendants, members and staff of the Employee Benefits Plans Committee, any entity in which Defendants have a controlling interest or which has a controlling interest of Defendants; Defendants' legal representatives (including employees of the Law Departments of Pharmacia Corporation, Pharmacia & Upjohn Company, and Pfizer Inc.), assigns, and successors, and any judges assigned to this case and any member of such judge's immediate family.

The Court **CERTIFIES** the Solutia Plan's Age 55 Cut–Off Class, defined as follows:

All current and former vested Solutia Plan participants (and their beneficiaries) with Prior Plan Accounts on or after January 1, 1997.

*Excluded* from the Solutia Plan's class are participants who terminated employment with Solutia Inc. prior to age 55 and who took their pension benefits in some form of annuity. Also *excluded* from the Solutia Plan's class are the Defendant, members and staff of the Employee Benefits Plans Committee,

any entity in which Defendant has a controlling interest or which has a controlling interest of Defendant; Defendant's legal representatives (including employees of Solutia Inc.'s Law Department), assigns, and successors, and any judges assigned to this case and any member of such judge's immediate family.

The Court **CERTIFIES** the Monsanto Defendants' Late Lump Sum Class, defined as follows:

All former Monsanto Plan participants (and their beneficiaries) with Prior Plan Accounts who terminated employment with New Monsanto on or after September 1, 2000, and who took a lump sum distribution at least one complete calendar month after their Benefit Commencement Date; all current Monsanto Plan participants (and their beneficiaries) with Prior Plan Accounts who have not yet taken a distribution of their pension benefits.

*Excluded* from the Monsanto Defendants' class are the Defendants, members and staff of the Employee Benefits Plans Committee, any entity in which Defendants have a controlling interest or which has a controlling interest of Defendants; Defendants' legal representatives (including employees of Monsanto's Law Department), assigns, and successors, and any judges assigned to this case and any member of such judge's immediate family.

The Court **APPOINTS** Plaintiffs Walker, Zeringue, and Drake as representatives of the Monsanto Defendants' Age 55 Cut–Off Class. The Court **APPOINTS** Plaintiffs Davis and Hammond as representatives of the Solutia Plan's Age 55 Cut–Off Class. The Court **APPOINTS** Plaintiff Donaldson as representative of the Pharmacia Defendants' Age 55 Cut–Off Class. The Court **APPOINTS** Plaintiff Zeringue as representative of the Monsanto Defendants' Late Lump Sum Class. The Court **APPOINTS** Michael B. Marker of The Rex Carr Law Firm, LLC; Matthew H. Armstrong and Jerome J. Schlichter of Schlichter Bogard & Denton; and Norman E. Siegel and Eric L.

Dirks of Stueve Siegel Hanson LLP as counsel for the foregoing Classes.

**IT IS SO ORDERED.**